UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-911-J |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Social Security Administration (SSA) denied Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and she sought judicial review under 42 U.S.C. § 405(g). The Court referred the matter to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendant filed the Administrative Record (AR) [Doc. No. 7] and both parties briefed their positions. Now pending is Judge Maxfield's Report and Recommendation, recommending that the Court affirm the SSA's decision. (Rep. & Rec.) [Doc. No. 17]. Plaintiff has objected (Pl.'s Obj.) [Doc. No. 18], triggering de novo review. For the reasons outlined below, the Court ADOPTS the Report and Recommendation.

**I.   Background**

Plaintiff's applications for DIB and SSI were filed in October 2022, alleging disability based on disk degeneration disease, fibromyalgia, post-traumatic stress disorder, and social anxiety disorder. An Administrative Law Judge (ALJ) held hearings and issued an unfavorable decision in April 2024. Relevant here, the ALJ found that Plaintiff (1) has severe impairments of degenerative disc disease, obesity, and hypertension; (2) has the residual functional capacity (RFC) to perform light work but can only frequently climb, balance, stoop, kneel, crouch, and crawl; and,

(3) can perform her past relevant work as a hairstylist.  Thus, the ALJ concluded that Plaintiff has not been under a disability from October 1, 2022 through the date of the decision.

## II.     Analysis

In her opening brief, Plaintiff alleged that the ALJ (1) failed to support his decision with substantial evidence, (2) failed to explain how Plaintiff's severe obesity impacted the RFC assessment, and (3) mischaracterized evidence.  [Doc. No. 11].  Judge Maxfield disagreed and recommended that the ALJ's decision be affirmed.

### A.     Substantial Evidence for the RFC

Relevant here, Judge Maxfield addressed Plaintiff's argument that the ALJ's RFC assessment was flawed because there was insufficient evidence that Plaintiff could stand and walk most of the day.  In doing so, she pointed to evidence in the record – both favorable and unfavorable – that the ALJ considered and noted that the Court may not reweigh that evidence.  *See* Rep. & Rec. at 7-10.[1]  In her objection, Plaintiff argues that while there is *some* evidence that she experienced improvement from her spinal cord stimulator, she testified at the hearing that despite that improvement, she experiences significant pain every day.  *See* Pl.'s Obj. at 1-2.  Thus, Plaintiff believes that Judge Maxfield "failed to show how the ALJ accurately and logically connected the use of a spinal cord stimulator to the ability to stand and walk up to six hours out of an eight-hour workday." *Id.* at 2.  Indeed, Plaintiff believes that no reasonable mind could look at the total record and find that Plaintiff can perform light work "despite *some* level of relief from the stimulator." *Id.*

The Court agrees with Judge Maxfield's assessment.  That is, the ALJ considered medical evidence from before Plaintiff's stimulator was providing relief and after it began "working well."

---

[1] All citations, including those to the AR, refer to this Court's CM/ECF pagination.

AR, Ex. 2 at 23-24.  The ALJ also discussed Plaintiff's pain and limitations occurring after a fall and then after recovery, noting that with pain medication, Plaintiff was experiencing 70-80% relief. *Id.* at 24-25.  However, he also believed that because of her pain, she could not perform some postural limitations and for that reason, limited her to light work.  *Id.* at 25.

Plaintiff complains that the "evidence paints a much different picture which could lead a reasonable mind to a different conclusion." Pl.'s Obj. at 3.  She also claims that she is not asking the Court to reweigh the evidence but believes the ALJ must explain himself "in such a way as to allow a reasonable mind to reach the *same* conclusion." *Id.* (emphasis added).  But reasonable minds need *not* reach the same conclusion.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (cleaned up); *see also id.* ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (cleaned up)).  Further, it is Plaintiff that carries the burden on this step; therefore, the ALJ was not required to "explain why the . . . countervailing evidence fails to support Plaintiff's subjective complaints." Pl.'s Obj. at 3; *D.H. v. Kijakazi*, No. 21-CV-03480-NYW, 2022 WL 17736782, at *9 (D. Colo. Dec. 16, 2022) (rejecting plaintiff's arguments that the ALJ failed to identify subjective complaints that conflict with the medical record because "it is Plaintiff who bears the burden of proof at Step Four").

### B.     Daily Activities

Judge Maxfield also addressed Plaintiff's concerns that her daily activities had been mischaracterized to support an RFC for light work, finding that the ALJ properly relied on Plaintiff's babysitting and household chores.  *See* Rep. & Rec. at 13-14.  In sum, Judge Maxfield

concluded that Plaintiff did not point to any evidence the ALJ failed to consider and, instead, wished the ALJ had reached a different conclusion based on the evidence. *See id.* at 14. In her objection, Plaintiff complains that the ALJ failed to connect the ability to babysit and do household chores with the ability to perform light work. *See* Pl.'s Obj. at 4.

The Court disagrees with Plaintiff. That is, the ALJ discussed Plaintiff's babysitting a 16-month-old as a counterweight to her allegation that "she uses a walker . . . and a can[e] daily" and "has difficulty walking and sitting due to chronic pain." AR, Ex. 2 at 23. He considered her ability to drive and perform household tasks for the same reason. *Id.* at 24. This was sufficient. *See Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (noting with approval the ALJ's finding that plaintiff's description of her daily activities did not indicate significant limitation because "[a]lthough she testified that she had severe pain in her back and neck, her description of her activities of daily living indicated the ability to care for herself, her home and her children" and "she was able to drive, shop, and handle finances; that gardening was a hobby; and that she visited friends and ate out" (cleaned up)).

### C.   The State Agency Physicians

Finally, Plaintiff argues that Judge Maxfield applied post hoc rationalization in finding that the ALJ properly relied on the state agency physician's opinions. *See* Pl.'s Obj. at 4. But post hoc rationalization occurs when a court considers evidence the ALJ did *not* consider. Here, Judge Maxfield found that the ALJ *did* explain why he found the state agency physicians reliable[2] and simply noted that the ALJ was not required to recite all the previously cited evidence again. *See* Rep. & Rec. at 16-17. The Court finds no improper post hoc rationalization.

---

[2] *See* AR at 24-25.

## III. Conclusion

Having reviewed the parties' briefs, the AR, the Report and Recommendation, and Plaintiff's objection de novo, the Court ADOPTS Judge Maxfield's well-reasoned recommendation and AFFIRMS the SSA's final decision denying Plaintiff benefits.

A separate judgment will enter.

IT IS SO ORDERED this 14th day of July, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE